IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEN WEI (USA) INC., a California corporation and MEDLINE INDUSTRIES, INC., an Illinois corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>SEMPERMED, INC., a Delaware corporation,<br><br>    Defendant. | No. 05 C 6004<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have sued defendant for infringement of U.S. Patent No. 6,953,582 ("the '582 Patent"), which claims: (1) a disposable glove that has a coating of dehydrated material on the inside which, when it contacts perspiration, soothes the hand; and (2) methods of putting the coating on the glove including spraying or dipping it with an aloe vera solution. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 15(a) motion to file an amended answer and counterclaim. For the reasons set forth below, the motion is granted in part and denied in part.

### Discussion

Defendant seeks to amend its answer and counterclaim to add a claim and an affirmative defense based on inequitable conduct.[1] Federal Rule of Civil Procedure ("Rule") 15 instructs the

---

[1] Defendant also seeks to add affirmative defenses based on the doctrines of unclean hands and patent misuse. Because plaintiffs make no argument about those proposed defenses, the Court confines its discussion to inequitable conduct.

court to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). However, leave should be denied if, among other reasons, the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it could not withstand a motion to dismiss. *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985). Plaintiffs argue that defendant's proposed claim and defense fall into that category, and thus, urge the Court to deny the motion.

The proposed claim and defense are based on plaintiffs' alleged failure to disclose two prior art references to the PTO: (1) plaintiffs' February 1999 offer to sell and July 1999 sale of an embodiment of the inventions described in the '582 patent; and (2) the Ostar oat powder glove. Plaintiffs say the allegations with respect to each alleged reference are deficient because they do not explain why the information is material prior art or otherwise comport with Rule 9(b).[2] *See Sun-Flex Co. Inc. v. Softview Computer Prods. Corp.*, 750 F. Supp. 962, 963 (N.D. Ill. 1990) (stating that Rule 9(b) requires defendant to "specify the time, place, and content of any alleged misrepresentations . . . plaintiffs made to the PTO").

The 1999 sale and the Ostar oat powder glove constitute prior art as to the inventions claimed in the '582 Patent if, among other reasons, they were "in public use or on sale in this country . . . more than one year prior to the date of the [patent] application." 35 U.S.C. § 102(b). *See Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 1453-54 (Fed. Cir. 1984) ("[T]he real meaning of 'prior art' . . . is knowledge that is available, including what would be obvious from it, at a given time, to a person of ordinary skill in an art."). Thus, we need to know when the application for the '582 Patent was filed to determine whether either reference constitutes prior art as to the claims within it.

---

[2]The parties agree that Rule 9(b) applies to claims and defenses based on inequitable conduct. (*See* Pls.' Opp'n Mot. Leave Amend at 3-5; Def.'s Reply Pls.' Opp'n at 3-4.)

The application for the '582 Patent is a continuation-in-part ("CIP"), meaning it contains both new subject matter and matter that was disclosed in a prior application. *Univ. of W. Va. Bd. of Trs. v. Vanvoorhies*, 278 F.3d 1288, 1297 (Fed. Cir. 2002). The '582 Patent claims that contain matter that was introduced in that application receive the filing date of that application. *Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed. Cir. 1994). But any of the claims that contain matter disclosed in an earlier application are accorded the earlier filing date. *Id.*

The '582 Patent application was filed on July 1, 2002 and was a CIP of an application that was filed on August 23, 2001 and issued as U.S. Patent No. 6,630,152 ("the '152 Patent"). (Compl., Ex. A, '582 Patent at 1.) Defendant alleges that the disclosures in figures 3-5 and columns 5-8 of the '582 Patent, including claims 1-6, contain subject matter that was disclosed in the '152 Patent application. (Proposed Am. Answer & Countercl. ¶¶ 23-26.) Thus, defendant says, those disclosures are accorded August 23, 2001, the date the '152 application was filed, as their filing date. (*Id.*)

Figures 3 and 5 of the '582 Patent show flow diagrams for methods of manufacturing disposable aloe vera gloves according to embodiments of the invention. (Compl., Ex. A, '582 Patent at 4, 6; *id.*, Col. 4, l. 66-Col. 6, l. 44; *id.*, Col. 6, l. 60- Col. 7, l. 60.) Figure 4 shows a flow diagram for a conventional method of manufacturing disposable gloves. (*Id.* at 5; *id.*, Col. 6, ll. 52-59.) Columns 5-8 provide detailed descriptions of the methods depicted in figures 3-5 and recite claims 1-6. (*Id.* at 9-10.) Claim 1, the only independent claim of that group, claims:

> 1. A method of manufacturing an enhanced disposable glove, the method comprising the acts of :
> applying a preparation onto a surface of a fluid-impermeable disposable glove, the preparation including a skin-conditioning substance and a liquid carrier, wherein the skin-conditioning substance comprises a skin-moisturizing substance, the surface of the

3

> glove to face a hand during wearing of the glove on the hand, the surface hereinafter referred to as interior surface; and
>
> evaporating the liquid carrier from the preparation to form a dry dehydrated preparation attached to the interior surface of the glove, so that the dehydrated preparation contacts the hand during wearing of the glove on the hand.

(*Id.*, Col. 8, ll. 42-55.) Claims 2-6 claim that method with limitations that address the properties of the skin-conditioning substance (claims 2-4) or the glove (claims 5-6). (*Id.*, Col. 8, ll. 56-67.)

Defendant alleges that plaintiffs sold an embodiment of the inventions described in the '582 Patent more than one year before August 23, 2001, when the relevant application was filed, but did not tell the PTO about the sale. (Proposed Am. Answer & Countercl. ¶¶ 27-28, 32.) Those allegations support the inference that plaintiffs withheld from the PTO prior art that was material to claims 1-6 of the '582 Patent. *See Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1314-16 (Fed. Cir. 2006) (holding that current test for materiality of prior art is whether "a reasonable [patent] examiner would have considered such prior art important in deciding whether to allow the ... application." (quotation omitted)); 35 U.S.C. § 102(b) (stating that an applicant is not entitled to a patent if "the invention was ... on sale in this country ... more than one year prior to the date of the application").

Even so, plaintiffs say the claim is still defective because defendant has not identified the person who withheld the sale information from the PTO or alleged that that person acted with the requisite intent. The Court disagrees. Though defendant does not identify a person by name or recite the phrase "intent to deceive," it is reasonable to conclude that defendant charges Belle Chou with having intentionally withheld material information from the PTO. Those inferences are supported by: (1) Shen Wei's identification of Chou as the '582 Patent inventor (Compl., Ex. 1, '582 Patent

at 1); (2) Shen Wei's identification of Chou as the contact person for "Sales & Marketing" on its website (see www.shenweiusa.com/htmldocs/english.htm);[3] (3) defendant's allegations that: Shen Wei sold an embodiment of the inventions claimed in the '582 Patent in 1999; the patent applicants knew that the sale was material to the patent application but did not disclose it; the applicants did disclose the sale of a similar, but patentably different, glove that used a gel coating rather than the "dry dehydrated preparation" claimed by the '582 Patent and used in the embodiment sold in 1999 (Proposed Am. Answer & Countercl. ¶¶ 27, 32, 34). In short, with respect to the 1999 sale, defendant has adequately stated a claim and affirmative defense of inequitable conduct.

The situation is different, however, with respect to the claim and defense based on the Ostar oat powder glove. Defendant says only the following about the alleged prior art reference: (1) "Plaintiffs knew of an Ostar oat powder glove. The Ostar oat powder glove rendered claims of the '582 patent unpatentable."; and (2) "The Ostar oat powder glove was highly material information. Plaintiffs knew of its materiality, yet withheld such information from the PTO." (Proposed Am. Answer & Countercl. ¶¶ 42-43.)

These allegations provide no basis for inferring who knew about the Ostar oat powder glove, how that party knew about it, when they obtained such knowledge, why the Ostar oat powder glove is material or whether the alleged failure to disclose the glove to the PTO was intentional. As a result, defendant has not stated an inequitable conduct claim or affirmative defense in connection with the Ostar oat powder glove reference.

---

[3] "For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (quotation omitted).

## Conclusion

For the reasons stated above, defendant's motion to amend its answer and counterclaim [doc. no. 28] is granted in part and denied in part. The motion is granted as to: (1) the proposed affirmative defenses based on the doctrines of patent misuse and unclean hands, to which plaintiffs did not make a timely objection; and (2) the proposed counterclaim and affirmative defense of inequitable conduct based on plaintiff's alleged failure to disclose to the PTO the 1999 sale of an embodiment of the inventions claimed in the '582 Patent. The motion is otherwise denied. Defendant is ordered to file an amended answer and counterclaim in accordance with this Memorandum Opinion and Order within ten days of the date of this Opinion. Plaintiffs have fourteen days thereafter to file an answer.

**SO ORDERED.**  ENTERED: 1/30/07

HON. RONALD A. GUZMAN  
United States District Judge